IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELLIOTT ROBINSON, #M15755, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY D. WILLS, ROB JEFFREYS, RIVERA, and JOSHUA SCHOENBECK, <br><br> Defendants. | Case No. 24-cv-00077-SPM |

<u>**MEMORANDUM AND ORDER**</u>

**MCGLYNN, District Judge:**

Plaintiff Elliott Robinson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

THE FIRST AMENDED COMPLAINT

Plaintiff alleges that on February 13, 2022, while housed at Stateville Correctional Center, he was taken to segregation based on false claims by Correctional Officer Rivera that he had grabbed her. (Doc. 10, p. 12). The following day, Plaintiff received a disciplinary ticket, and he gave the names of two witnesses to the hearing officer. (*Id.* at p. 13).

On February 15, 2022, Plaintiff was transferred to Menard Correctional Center. (Doc. 10,

p. 13). He states that because of his disciplinary ticket he was targeted by staff "from the start." Plaintiff was placed in cell 636, which was dirty and small and had poor ventilation. (*Id.* at p. 14). The temperature inside the cell was cold, and Plaintiff wore his coat to keep warm. Bugs flew and crawled around inside the cell. He states that the cell smelled of a mixture of urine, feces, and mildew. Plaintiff was given a mattress, bed linens, a bar of soap, and a roll of tissue. He was not provided a pillow and had to wait a week for towels that he cold use to clean himself and his cell. (*Id.*).

At the disciplinary hearing on February 22, 2022, Plaintiff pled "not guilty" to the charges. (Doc. 10, p. 6, 15). Plaintiff was found guilty and sentenced to three months segregation, three months C-grade status, and six months of contact visit restrictions. (*Id.*).

PRELIMINARY DISMISSALS

In his exhibits, Plaintiff describes repeated incidents of mistreatment by correctional staff, denial or delay of medical care, and poor living conditions from February 13, 2022, through May 22, 2024. (Doc. 10, p.12-25). Citing to these exhibits, Plaintiff asserts that Warden Wills and Director Jeffreys violated the Eighth Amendment by "failing to rectify and remedy harsh conditions and violations of IDOC policies and procedures" that stemmed from the false disciplinary ticket and subsequent guilty verdict. (*Id.* at p. 6). Plaintiff alleges that Wills and Jeffreys "continuously turned a blind eye to [his] complaints regarding medical and mental health needs, staff misconduct, inadequate law library access, and other matters once made aware." (*Id.*).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." A generic assertion that one or more defendants engaged in certain acts or constitutional violations is not adequately specific. *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009). The primary purpose of these rules is fair notice. Because claims

under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in a constitutional violation, each individual defendant plaintiff wishes to sue must be able to understand what he or she is alleged to have done to violate plaintiff's rights. *See e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994))). "A complaint must contain enough details to connect an individual defendant's actions with a discrete harm. *See e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Additionally, to state a valid claim under Section 1983, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that said violation caused the plaintiff an injury or damages. *Lord v. Beahm,* 952 F.3d 902, 905 (7th Cir. 2020) (affirming summary judgment against an inmate because he did not identify an injury beyond minor scratches).

Here, Plaintiff's blanket assertion that Wills and Jeffreys are responsible for violating his Eighth Amendment right to be free from cruel and unusual punishment by failing to rectify various harms that occurred over a two period by several different staff members is insufficient to state a claim. It is not clear which events Plaintiff is claiming amounted to a constitutional violation, and how Defendants were personally involved in each discrete harm. His allegations are nothing more than legal conclusions and do put Wills and Jeffreys on proper notice of his claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (noting that an allegation of "general wrongdoing that extended over a period of years" was not enough to satisfy the notice pleading requirement of Rule 8). Accordingly, Plaintiff's Eighth Amendment claim against Wills and Jeffreys is dismissed.

The Court also dismisses any Eighth Amendment claim Plaintiff is intending to bring against Correctional Officer Rivera and Lieutenant Schoenbeck for his continued mistreatment while at Menard Correctional Center ("Menard"). Plaintiff claims that because he was issued a

false disciplinary ticket by Rivera and found guilty at a faulty disciplinary hearing conducted by Schoenbeck he suffered subsequent constitutional violations at Menard. Rivera and Schoenbeck cannot be held liable unless they directly caused or participated in the constitutional violation. Based on the facts as pled, the Court cannot reasonably infer that Rivera and Schoenbeck had any involvement in the alleged cruel and unusual punishment that occurred after his transfer to Menard.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Fourteenth Amendment claim against Rivera and Schoenbeck for punishing Plaintiff without due process of law.

**Count 2:** First Amendment claim against Rivera for issuing Plaintiff a false disciplinary ticket in retaliation for lodging complaints about her to her superiors.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

Plaintiff asserts that Defendant Rivera violated his due process rights by bringing false charges against him, and Defendants Schoenbeck violated his due process rights by (1) denying him the ability to call witnesses; (2) failing to submit his written questions to Rivera prior to the hearing; and (3) basing his decision solely on Rivera's false report.

"The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). When an inmate

---

[1] *See Bell Atlantic Corp.*, 550 U.S. at 570.

raises a procedural due process claim based on false charges and related to disciplinary proceedings, the Court undertakes a two-part analysis. *Id.* The Court first evaluates whether the prisoner was deprived of a protected liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id*. (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)).

"Prisoners do not have a constitutional right to remain in the general population." *Isby*, 856 F. 3d at 524. *See also Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) ("an inmate's liberty interest in avoiding disciplinary segregation is limited") (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). A protected liberty interest "is triggered only when the confinement imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Lisle v. Welborn*, 933 F.3d 705, 721 (7th Cir. 2019) (internal quotations and citations omitted). The key comparison when considering whether the conditions are significantly harsher "is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F. 3d 1173, 1175 (7th Cir. 1997). The Court also looks to the length of a prisoner's confinement in segregation in combination with the conditions he endured there. *See Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

As this Court previously found when reviewing the original Complaint, the punishments Plaintiff suffered as a result of the false disciplinary ticket and faulty disciplinary hearing do not amount to deprivations of a liberty interest that required due process prior to implementation. The First Amended Complaint does not include any facts to support a different conclusion. First, Plaintiff's three months in segregation, as described, did not impose an "atypical and significant

hardship" compared to prison life generally.[2] Once released from segregation, Plaintiff experienced similar, if not worse, conditions in East House and later while on suicide watch. (Doc. 10, p. 6, 17, 20). Plaintiff's short period in segregation, in combination with a lack of "actionably different" conditions from general population, does not trigger due process protections. *McCoy v. Atherton,* 818 F. App'x 538, 542 (7th Cir. 2020) (holding that three months in segregation in a dirty cell near physically and mentally ill inmates did not impose an atypical and significant hardship).

Furthermore, as stated, Plaintiff does not have a protected interest in maintaining certain privileges, such as access to commissary, visitation, and yard access. *See Woody v. Zatecky,* 594 F. App'x 311, 312 (7th Cir. 2015); *Thomas v. Ramos*, 130 F.3d 754, 761 n. 8 (7th Cir. 1997). Accordingly, Count 1 is dismissed without prejudice.

**Count 2**

Prison officials are prohibited from retaliating against inmates for exercising their First Amendment rights by complaining about the conditions of their confinement. *Manuel v. Nalley,* 966 F.3d 678, 680 (7th Cir. 2020). A plaintiff asserting a retaliation claim must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter future First Amendment activity; and (3) his protected activity was "at least a motivating factor" in the defendant's decision to take retaliatory action against him. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009)).

Plaintiff asserts that Rivera issued him the false disciplinary ticket to retaliate against him for complaining about her to her superiors a month prior in January 2022. This claim, however, is

---

[2] *See Marion v. Columbia Corr. Inst.*, 559 F. 3d 693, 697-98 nn. 2-3 (7th Cir. 2009) (noting that up to 90 days in segregation relatively short depending on the conditions); *Obriecht v. Raemisch,* 565 F. App'x 535, 540 (7th Cir. 2014) (finding that 78 days in alleged deplorable conditions was not a "atypical and significant hardship"); *Lisle v. Welborn*, 933 F. 3d 705, 721 (7th Cir. 2019) (four months filed segregation in combination of a vague description of cells did not allow jury to reasonably infer that the conditions imposed a significant hardship).

conclusory, and he fails to offer any factual allegations from which the Court can reasonably infer that Rivera was motived by the fact that he lodged a complaint against her. According to the First Amended Complaint, Rivera wrote the false disciplinary ticket in response to her interaction with Plaintiff on February 13, 2022. Plaintiff claims that on February 13, 2022, she yelled at him to return to his cell and pointed her finger in his face. (Doc. 10, p. 12). Plaintiff describes Rivera generally as "unprofessional" and states that he responded to Rivera's order by telling her not to put her hand in his face and tried to "help her understand" that she almost hit him. Plaintiff then walked away to his cell. Twenty minutes later, Plaintiff was taken to segregation for allegedly "grabbing" Rivera. While being escorted to segregation, another inmate reminded Plaintiff that Plaintiff had told him not to "engage in confrontations with Rivera because she'll lie and send [you] to seg." (*Id.* at p. 13). Thus, based on the facts as pled, Plaintiff received the false disciplinary ticket because he confronted Rivera, and Plaintiff's comments to Rivera are not constitutionally protected speech. *See Watkins v. Kasper,* 599 F. 3d 791, 795 (7th Cir. 2010); *Kervin v. Barnes,* 787 F. 3d 833, 834 (7th Cir. 2015). Accordingly, Count 2 is dismissed.

     Because all claims have been dismissed, Plaintiff has failed to state a viable constitutional claim in his First Amended Complaint. Though leave to amend is given freely in *pro se* cases, the Court is not required to grant leave to amend if an amendment would be futile. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (a district court may deny leave to amend where an amendment would be futile). Plaintiff has already been given an opportunity to file an amended complaint and was instructed on the necessary elements of Eighth and Fourteenth Amendment claims. The First Amended Complaint, however, again fails to state a claim for cruel and unusual punishment or denial of due process. The Court therefore finds that further amendment of Plaintiff's claims in this action would be futile. Accordingly, the dismissal of this case is with prejudice and without leave to further amend.

Because the case will be dismissed and closed, the motion for recruitment of counsel is **DENIED** as moot. (Doc. 11).

### DISPOSITION

For the reasons set forth above, the First Amended Complaint (Doc. 10) is **DISMISSED with prejudice** for failure to state a claim for relief. The Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll (suspend) the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F. 3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   October 15, 2024**

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**